Basso v EarthLink, Inc. (2018 NY Slip Op 00030)





Basso v EarthLink, Inc.


2018 NY Slip Op 00030


Decided on January 2, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 2, 2018

Richter, J.P., Tom, Kapnick, Kern, Moulton, JJ.


5346 103062/12

[*1]Josette Basso, Plaintiff-Appellant,
v
EarthLink, Inc., et al., Defendants-Respondents.


Wolin & Wolin, Jericho (Alan E. Wolin of counsel), for appellant.
Seyfarth Shaw LLP, New York (Gena B. Usenheimer of counsel), for respondents.



Order, Supreme Court, New York County (Richard F. Braun, J.), entered May 20, 2016, which granted defendants' motion for summary judgment dismissing the complaint alleging age and gender discrimination under the State and City Human Rights Laws (HRLs), unanimously affirmed, without costs.
Plaintiff carried her "de minimis burden" of showing a prima facie case of discrimination based on age and gender (Melman v Montefiore Med. Ctr., 98 AD3d 107, 113-114, 115 [1st Dept 2012] [internal quotation marks omitted]; Baily v New York Westchester Sq. Med. Ctr., 38 AD3d 119, 123 [1st Dept 2007]; see generally Executive Law § 296; Administrative Code of City of NY § 8—107[1][a]). Defendants do not dispute that plaintiff's age, 64 years, and gender are protected classes, or that plaintiff was qualified for the position at issue. In addition, plaintiff demonstrated that her employment was terminated, that she was replaced by a younger man, and that she had been the only branch manager nationwide who was over 60 years old.
The motion court nevertheless correctly granted summary judgment dismissing the complaint because plaintiff failed to raise an issue of fact whether defendants' reason for terminating her employment was pretextual (see Melman, 98 AD3d at 113-114). Defendants demonstrated a legitimate, nondiscriminatory reason for eliminating plaintiff's branch manager position. Specifically, defendant EarthLink, Inc., was reorganizing and consolidating some branches to improve operational efficiency, so it eliminated one of two branch manager positions in the New York area. In addition, plaintiff's work performance, in particular, her sales record, was inferior to that of the other branch manager, Naim Mustafaj, a younger male.
Plaintiff does not argue that the consolidation itself was pretextual, and she failed to raise triable issues of fact whether defendants' assertion that she was terminated due to her comparatively poor work performance was pretextual (see Cronin v Aetna Life Ins. Co., 46 F3d 196, 204 [2d Cir 1995]). She does not dispute the accuracy of the objective statistical sales data on which defendants relied, which showed that Mustafaj performed better in the first quarter of 2012, leading up to her termination in April 2012. Instead, plaintiff cited facts to try to show that these three months of data are not an accurate or fair reflection of her overall performance. Her arguments, however, do not raise an issue of fact whether defendants' preference for an employee with a higher average for those three months was false. While defendants failed to find plaintiff another lateral or downgraded position, defendants terminated numerous other branch managers, including Mustafaj, plaintiff's younger male "replacement," within nine months of her termination, without finding them other positions in the company.
Nor do comments of her supervisor, defendant Michael Nicolosi, raise any triable issue regarding a discriminatory motive. Plaintiff's claims that Nicolosi did not spend much time with her, and her impression that he was uncomfortable around older women, and preferred to work with younger men, does not raise any triable issue. A plaintiff's "feelings and perceptions of being discriminated against are not evidence of discrimination" (Bickerstaff v Vassar College, 196 F3d 435, 456 [2d Cir 1999], cert denied 530 US 1242 [2000] [internal quotation marks and [*2]brackets omitted]).
That Nicolosi told her to terminate two younger male sales executives does not show discriminatory intent, nor do his criticisms of her team. One derogatory reference to plaintiff and her male colleagues as girls when they lagged behind on the way to a restaurant, on an unspecified date, is "at most [a] stray remark[]" that does not, without more, constitute evidence of discrimination (Hudson v Merrill Lynch & Co., Inc., 138 AD3d 511, 517 [1st Dept 2016], lv denied 28 NY3d 902 [2016]).
Plaintiff incorrectly argues that the motion court failed to separately evaluate her City HRL claims under the City HRL's more liberal standard (Williams v New York City Hous. Auth., 61 AD3d 62 [1st Dept 2009], lv denied 13 NY3d 702 [2009]; see Administrative Code § 8-130). The court cited the applicable "mixed motive standard" under the City HRL (Hudson, 138 AD3d at 514; Williams, 61 AD3d at 78 n 27), and separately, and correctly, concluded that plaintiff failed to raise a triable issue under this standard as well because she failed to show there were any issues of fact whether defendants acted with a gender or age discriminatory motive in concluding that Mustafaj was better suited to remain as the sole branch manager.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 2, 2018
CLERK